# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NORTHERN BUILDING PRODUCTS, INC.,** : | **CIVIL ACTION NO. 1:04-CV-0926** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **WESTERN SURETY COMPANY,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Presently before the court is a motion by defendant to set aside a default judgment entered against it in August 2004 for failure to plead or otherwise defend. Defendant concedes that entry of default judgment was proper, but argues that its failure to appear is attributable to inadvertent clerical mistakes and should be excused. Despite the weakness of this explanation, the court finds that relief from judgment is appropriate in light of the lack of demonstrable prejudice to plaintiff's litigation position. The motion will be granted conditioned on defendant's reimbursement of costs and attorney's fees incurred by plaintiff as a result of defendant's mistakes.

Whether to set aside a default judgment is a matter committed to the discretion of the district court, to be guided by several factors. A threshold consideration is the reason offered by the defaulting party for its failure to plead or defend in a timely fashion: relief from judgment will not be granted if the delay is patently unreasonable, represents a litigation tactic, or otherwise suggests bad

faith.  See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982); see also FED. R. CIV. P. 55(c), 60(b)(2); 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §§ 2692-2700 (3d ed. 1998).  Relief is also unavailable if the defendant fails to proffer a meritorious defense to the complaint or if the delay has substantially prejudiced the plaintiff's ability to prosecute the merits of its claims.  Feliciano, 691 F.2d at 656-57; see also In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 127 (3d Cir. 1999).  However, the court must consider whether the prejudice to the opposing party can be cured by alternative sanctions, such as assessment of costs and attorney's fees, in lieu of enforcing the default.  See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-75 (3d Cir. 1987); Wokan v. Alladin Int'l, Inc., 485 F.2d 1232, 1234-35 (3d Cir. 1973); see also FED. R. CIV. P. 60(b)(2); 10A WRIGHT ET AL., supra, § 2700.

There is no doubt that defendant in this case was notified of plaintiff's claims, was properly served with the complaint, and failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure.  In July 2003, defendant received a demand letter from plaintiff, outlining its claim for sums allegedly owed under subcontracting and bonding agreements.  (Doc. 13, Attach. 7).  Defendant refused to satisfy the demand, and, in May 2004, plaintiff delivered to defendant a formal notice of commencement of the case *sub judice.*  (Doc. 13, Attachs. 3, 8-9).  Soon thereafter, a process server for plaintiff contacted defendant to arrange for service of the complaint, and, *pursuant to defendant's request*, service of process was effected on a company agent on June 14, 2004.  (Docs. 6, 22).  Defendant

acknowledges that service was proper[1] and that an answer was due on or about July 6, 2004.  See FED. R. CIV. P. 12(a).

Nevertheless, defendant did not file an answer or otherwise defend against the complaint.  The company does not offer any explanation for its inaction, other than "that some sort of negligence resulted in the mishandling of the [s]ummons and [c]omplaint."  (Doc. 15 at 11).  Default judgment was entered in August 2004.

Another significant, and unexplained, delay followed.  By letter dated August 3, 2004, counsel for plaintiff informed defendant of the entry of default judgment and indicated that plaintiff would commence execution proceedings if defendant did not satisfy the judgment.[2]  (Doc. 13, Attach. 5).  Defendant still failed to respond, and again cites possible clerical mistakes as the reason for this omission.  Plaintiff commenced execution proceedings in October 2004.  (Doc. 13, Attach. 6).  Only then did defendant enter an appearance in this case, by filing the instant motion to set aside the default judgment.[3]  (Doc. 9).

These delays were unwarranted.  Defendant had actual notice of this case and was properly served with the complaint.  It had an obligation to respond

---

[1] Counsel for defendant acknowledged this during a telephone conference on the motion to set aside.  (See Doc. 21).

[2] Despite defendant's suggestion to the contrary (see, e.g., Doc. 15 at 2-3), plaintiff was not obliged to effect service of the motion for default judgment.  See FED. R. CIV. P. 5(a) ("No service need be made on parties in default for failure to appear . . . .").

[3] Resolution of the motion was delayed by interim mediation proceedings, which concluded on May 23, 2005.  (Doc. 25).

3

within the period prescribed by the Federal Rules of Civil Procedure. <u>See, e.g.</u>, FED. R. CIV. P. 55. Defendant also received notice of the entry of default judgment in August 2004; yet, it did not enter an appearance in this case until two months later, after plaintiff had commenced execution proceedings.

However, there is no evidence that defendant acted in bad faith. The delays appear to be the result of a series of unfortunate mistakes by defendant, its agents, and/or its counsel. Although these mistakes were clearly avoidable, they were likely not intentional. Indeed, it would have been contrary to defendant's interest to embark deliberately on this course. The company had a potentially meritorious defense to the complaint—now offered in the motion to set aside the default judgment—and these delays have neither prejudiced plaintiff's litigation position nor otherwise benefitted defendant. The only consequence of defendant's failure to respond has been the prolongation of these proceedings and the accumulation of costs and attorney's fees.

That the default was the result of inadvertent mistake provides a valid basis for relief from judgment, <u>see</u> FED. R. CIV. P. 60(b), but does not excuse defendant's negligence or cure the financial harm to plaintiff. Plaintiff should not have been obliged to move for default judgment, to commence execution proceedings, or to address the instant motion to set aside. All of these expenses were incurred unnecessarily and as a direct result of defendant's unjustified inaction. Plaintiff deserves recompense.

Relief from judgment will be granted to defendant, but will be conditioned upon reimbursement of the costs and attorney's fees reasonably incurred by plaintiff as a result of the default.  See Feliciano, 691 F.2d at 656-57; Wokan, 485 F.2d at 1234-35; see also FED. R. CIV. P. 60(b)(2); 10A WRIGHT ET AL., supra, §§ 6692-2700.  Once this condition is satisfied, the default will be set aside and this case may proceed to a determination on the merits.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       May 27, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NORTHERN BUILDING PRODUCTS, INC.,** : | **CIVIL ACTION NO. 1:04-CV-0926** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **WESTERN SURETY COMPANY,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 27th day of May, 2005, upon consideration of the motion to set aside default judgment (Doc. 9), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to set aside default judgment (Doc. 9) is GRANTED conditioned upon defendant's payment to plaintiff of costs and attorney's fees reasonably incurred by plaintiff as a result of defendant's failure to plead or otherwise defend.

2. Determination of the costs and attorney's fees reasonably incurred by plaintiff as a result of defendant's failure to plead or otherwise defend will be deferred pending supplementation of the record.

    a. Plaintiff shall, on or before June 6, 2004, file an affidavit providing an itemized list of costs and attorney's fees for which plaintiff seeks recovery.

    b. Defendant shall, within five (5) days of the filing of plaintiff's affidavit, file proof of payment of costs and attorney's fees for which plaintiff seeks recovery or objections to the reasonableness of the costs and attorney's fees for which plaintiff seeks recovery. Filing of proof of payment of costs and attorney's fees for which plaintiff seeks recovery shall be deemed an admission by defendant of the reasonableness of those costs and attorney's fees.

3. The Clerk of Court is directed to defer the setting aside of the default judgment pending future order of court.

       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge